[Civ. No. 577.   Fifth Dist.   Mar. 14, 1966]

FRED KENNEDY, Plaintiff and Appellant, v. LOU REECE et al., Defendants and Respondents.

Donahue, Hastin & Claflin for Plaintiff and Appellant.

Milton Wichner for Defendants and Respondents.

CONLEY, P. J.—Originally, the plaintiff filed an action to recover the balance claimed to be due from the defendants on a contract to drill a water well at their mining installation. On the first trial, the court granted judgment to the defendants on their counterclaim against the plaintiff and appellant on the basis of his failure to drill the well to a depth of 400 feet in accordance with his contract. Because of the breach by Mr. Kennedy, the court then awarded the defendants a balance of $1,307.15, but it was in error as to the details going to make up the judgment; this court, in *Kennedy* v. *Reece,* 225 Cal. App.2d 717, 727 [37 Cal.Rptr. 708], reversed the judgment only insofar as the award of damages on the counterclaim was concerned, but affirmed it otherwise, as follows: "The judgment is reversed only as to the damages awarded on the counterclaim with directions to the trial court (1) to permit the defendants upon application to amend their counterclaim as to damages, and (2) to retry the case with respect only to damages on the counterclaim; the judgment is otherwise affirmed."

Upon the going down of the remittitur, the trial court did permit the defendants to amend their pleading, and conducted a trial restricted to the ascertainment of damages on the counterclaim. The judgment in favor of the defendants on the second or supplemental trial was for $1,687.50, together with costs of suit. In reaching this conclusion, the court decided that it would reasonably cost $2,687.50 to complete the drilling of the 400-foot well in accordance with the contract and deducted from this sum the $1,000 balance which the defendants would have had to pay for full performance under the provisions of the contract.

Two points on appeal are urged by the appellant. First, it is claimed that the court erred in receiving the testimony of Clyde R. Seitz, a mechanical engineer, with respect to

the estimated cost of completing the well to the 400-foot level, and it is also argued that, by reason of the form of the opinion of this court upon the earlier appeal of the case, the superior court was bound to find that the drilling of the well could have been accomplished through the payment of $5.00 per foot from the 270-foot level to the 400-foot level.

The attack upon the qualifications of Mr. Seitz as an expert is not well founded. ██ It is the universal rule with respect to the receipt of opinion evidence from one particularly versed in a given subject, trade, or profession that the trial court is, preliminarily, the judge of the qualification of the proposed witness. ██ The trial judge has a wide discretion as to whether or not to permit the receipt of tendered evidence of this kind, and the District Court of Appeal has no power to interfere with such a ruling of the trial judge unless there is an obvious and pronounced abuse of discretion on his part. (*Strauss* v. *Kunin*, 156 Cal.App.2d 558, 565 [319 P.2d 783]; *Darling* v. *Pacific Electric Ry. Co.*, 197 Cal. 702, 714-715 [242 P. 703]; *Valdez* v. *Percy*, 35 Cal.App.2d 485, 492 [96 P.2d 42]; 19 Cal.Jur.2d, Evidence, § 296, p. 23.) We find no such abuse of discretion in this case.

██ Mr. Seitz received his professional education at the California Institute of Technology where he was awarded the degree of Bachelor of Science in mechanical engineering. He testified that his summer vacations while he was in college were spent as a driller's helper for an organization known as Roscoe Moss, and that subsequent to his graduation he worked for the same company for 10 years, chiefly in connection with well tool design and supervision of field operations. In 1960, he left his employment and formed his own company, but because it failed financially, he went to work for Burton Products as an aircraft flight control designer. During the foregoing period, he also spent six months with Johnson Pump Company as a pump design engineer in its special products division. He stated that both his father and grandfather had been well drillers and "I was raised in the business." He ceased working on the family rig in 1941. He had visited the site where Mr. Reece's crew were working in the desert some little time before he was called to the witness stand; he had read the transcript of testimony in the first trial of the case. The court permitted him to give his opinion as to the cost of completion of the well. In one set of figures, he assumed that there would be solid rock of a texture of the kind encountered at the 270-

foot level by Mr. Kennedy for the full distance down to the 400-foot level. He did give other estimates, however, assuming on occasion that the rocky stratum encountered by the driller extended for a distance of only 10 feet and that the balance of the drilling would then be through softer material. The trial court did not accept his maximum figures; the result reached by the judgment was not an acceptance of the extreme estimate of the witness. We believe that the trial court was correct in its ruling that the evidence could be received and that there is no error in the testimony which would justify a reversal of the case.

██ The other point urged on appeal is that this court intended that the testimony referred to in the opinion to the effect that two well drillers had told defendants the drilling of the well could be completed for $5.00 per foot was binding upon the trial judge. An attentive reading of the opinion would show that such was not the case. This testimony at the first trial was merely cited in the opinion to show that the defense of impossibility urged in the lower court was not applicable. ██ Generally speaking, the rule with respect to the "law of the case" does not apply to facts, but rather to principles of law. (3 Witkin, Cal. Procedure (1954) Appeal, § 212, p. 2423.) ██ It is quite apparent from the opinion that it was the intention of this court that the issues with respect to the damages under the counterclaim should be completely retried. This was done by the trial court and the present judgment cannot properly be disturbed on appeal.

The judgment is affirmed.

Brown (R. M.), J., and Stone, J., concurred.